## TOMASA MARTINEZ DE HERNANDEZ ET AL.

*v.*

## JUAN BERTRAN Y CASAÑAS ET AL.

San Juan, Law, No. 241.

1. Under the act of Congress of March 2, 1901, amending the organic act of Porto Rico, the United States district court for Porto Rico has jurisdiction of all cases in which either party is a citizen of another state.

Martinez de Hernandez v. Bertran y Casañas.

2. An action at law lies to recover damages for inducing another to convey property without consideration.

Order filed February 7, 1905.

———

*Francis H. Dexter, Esq.,* attorney for plaintiffs.

*Henry F. Hord, Esq.,* attorney for defendants.

*N. B. K. Pettingill, Esq.,* attorney for defendant Frias.

McKENNA, Judge, delivered the following opinion:

This cause was heard upon the demurrer of the defendants herein, except Encarnación Frias de Noya, to the plaintiffs' declaration. Without taking up all of the ten grounds of demurrer in their order, the court overrules them.

The question raised in the second ground of demurrer, alleging want of diverse citizenship, has been previously passed upon by this court; and it is uniformly held, in construing the amendment of the organic act of Porto Rico approved March 2, 1901, that, where either party to a controversy is a citizen of another state, jurisdiction follows. The matter involved in the other points of demurrer, charging ambiguous, indefinite averments, are not without merit, but are not sufficient to defeat the action itself, there being enough material averments and direct allegations to maintain the action.

It is averred sufficiently and without ambiguity in the complaint, that the defendants procured by unlawful means the wrongful execution and delivery of a conveyance for a very valuable property, under which said conveyance they are now in possession; and it is expressly averred, with equal clearness, that the defendants paid no consideration whatever for

the deed, or property therein described, to the owners thereof. For such unlawful action and injury, as alleged in plaintiffs' complaint, the law clearly gives a remedy and right of action. The court therefore holds that an action at law can be maintained for whatever damages may be proven as sustained by plaintiffs on account of any unwarranted and illegal action of defendants as alleged herein. It is due the defendants, however, in view of the importance of this case, in order that they may know what is material to answer and defend upon trial herein, that more specific and direct specifications averring the wrongful acts should be furnished, and that much of the voluminous and ambiguous narration and averments in the complaint be eliminated and replaced by more particular, specific, and relevant averments, and it is ordered that the complaint be reformed in this respect.